IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

KENNETH M. SEATON, )
)
    Plaintiff, )
)
v. ) No.: 3:08-CV-276
) (VARLAN/SHIRLEY)
1 A CHORD, INC., )
)
    Defendant. )

**MEMORANDUM & ORDER**

This civil action is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Motion to Dismiss for Lack of Personal Jurisdiction, and Supporting Brief [Doc. 3]. Defendant contends that plaintiff has not met his burden of demonstrating that the Court has subject matter jurisdiction over the controversy or personal jurisdiction over the defendant. Plaintiff responded in opposition to the motion [Docs. 9; 10] and defendant filed a reply [Doc. 14]. The matter is now ripe for the Court's consideration. For the reasons that follow, the Court will grant defendants' motion.

**I. ANALYSIS**[1]

Plaintiff contends that the Court has subject matter jurisdiction on the basis of diversity jurisdiction. A federal court has original subject matter jurisdiction over actions where there is diversity of citizenship and an amount in controversy greater than $75,000,

---

[1] Since the filing of defendant's motion to dismiss, the Court has permitted plaintiff to amend the complaint two times. The Court will reply upon the allegations in the Second Amended Complaint [Doc. 25] in deciding this motion.

excluding costs and fees.  *See* 28 U.S.C. § 1332.  Defendant argues that plaintiff has not satisfied his burden to show that subject matter jurisdiction.

Under Federal Rule of Civil Procedure 12(h)(3), "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).  Notably, "[t]he party opposing dismissal has the burden of proving subject matter jurisdiction."  *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 627 (6th Cir. 2009) (citations omitted)

After the reviewing the record in this case, the Court cannot conclude that plaintiff has met his burden of demonstrating complete diversity of citizenship.  In the Second Amended Complaint, plaintiff alleges that he is a resident of Sevier County, Tennessee and that defendant is a Texas corporation.  However, a corporation may be a citizen of more than one state as it "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

Plaintiff attached as part of the exhibit to his Second Amended Complaint an Application for Certificate of Authority of 1 A Chord, Inc. to the Tennessee Secretary of State.  [Doc. 25-1].  This application states that 1 A Chord, Inc. is incorporated in the state of Texas and that "[t]he street address, including zip code, of the Corporation's principal office is 105 Oak Valley Drive, Nashville, Tennessee 37207."  [*Id.*]  This document filed by

2

Case 3:08-cv-00276-TAV-CCS   Document 27   Filed 07/30/09   Page 2 of 4   PageID #: 601

plaintiff, without anything to disprove it, shows that defendant is a citizen of both Texas and Tennessee.

The Certificate of Administrative Revocation also filed as part of the exhibit does not prevent defendant from being a citizen of Tennessee. The Certificate of Administrative Revocation indicates that defendant's certificate of authority was revoked in August 2005 for failure to file the Corporation Annual Report. [*Id.*] However, "the failure of a foreign corporation to obtain a certificate of authority does not impair the validity of its corporate acts or prevent it from defendant any proceeding in this state." Tenn Code. Ann. § 48-25-102(f). Thus, the revocation of defendant's certificate of authority, without more, does not change defendant's principal office. To the contrary, allegations in plaintiff's Second Amended Complaint state that defendant continued to use its office in Nashville, Tennessee after it vacated the studio facilities in Pigeon Forge, Tennessee. [*See* Doc. 25.] Accordingly, the Court finds that plaintiff has failed to show that defendant is not a citizen of Tennessee. As a result, complete diversity is lacking, and this case will be dismissed for lack of subject matter jurisdiction. Because the Court will dismiss this action for lack of subject matter jurisdiction, it is unnecessary for the Court to address the issue of personal jurisdiction.

**II. CONCLUSION**

For the reasons herein, the Court finds that dismissal of this action is proper due to lack of subject matter jurisdiction. Accordingly, this case is hereby **DISMISSED** without prejudice and the clerk is **DIRECTED** to close this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE